FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MERCHANTS NATIONAL BONDING, INC., an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>CABIN CREEK ELECTRIC LLC, a Washington limited liability company; BRADLEY NIEBUHR; and EMILY NEIBUHR,<br><br>Defendants. | No. 1:26-CV-03074-RLP<br><br>ORDER SETTING ASIDE ENTRY OF DEFAULT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**ECF Nos. 16, 17** |

Before the Court is Plaintiff Merchants National Bonding, Inc.'s Motion for Default Judgment. ECF No. 17. Merchants requests the Court grant default judgment against Defendants Cabin Creek LLC, Bradley Niebuhr, and Emily Niebuhr ("Indemnitors"), as well as issue an award of attorney fees and costs to Merchants. *Id.* The Motion for Default Judgment comes after the issuance of the Clerk's Order of Default, ECF No. 16.

Upon reviewing the case, the Court determined that Merchants failed to offer evidence that they provided the required notice to Indemnitors under Local Civil Rule 55(a)(1). The rule requires the party seeking default to provide at least 14 days' notice to the party against whom default is sought of the moving party's intention to seek default. LCivR 55(a)(1). While Merchants provided evidence that Indemnitors were served with the initial pleadings, there is no indication that Merchants served Indemnitors with notice of their intent to seek default. *See* ECF Nos. 13–14, 17–19. Thus, the entry of default was issued in error.

Federal Rule of Civil Procedure 60(a) allows the Court to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Court may do so on its own. Fed. R. Civ. P. 60(a).

Additionally, Federal Rule 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Generally, to determine good cause, the Court must consider: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal alterations and citation omitted). However, these factors are unhelpful in this case where the Court is correcting a mistake sua sponte.

Entry of default is required prior to a judgment of default. LCivR55. Because default judgment is a "drastic step," *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091, the Court finds good cause to correct the mistake under Fed. R. Civ. P. 60(a) and set aside the entry of default under Fed. R. Civ. P. 55(c). As a result, Merchants' Motion for Default Judgment is moot.

**Accordingly, IT IS ORDERED:**

1. The Clerk's Order of Default, **ECF No. 16**, is **SET ASIDE**.
2. Plaintiff's Motion for Default Judgment, **ECF No. 17,** is **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel and the parties.

DATED October 19, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE